**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MICHAEL SHOWELL,<br><br>                Plaintiff,<br><br>v.<br><br>VIVIAN GEORGE; HOUSING AUTHORITY OF GLOUCESTER COUNTY,<br><br>                Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>No. 24-10622 (KMW-MJS)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

**THIS MATTER** comes before the Court by way of Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") (ECF No. 1-3) pursuant to 28 U.S.C. § 1915(a)(1); and

**THE COURT NOTING** that, having reviewed Plaintiff's IFP Application, Plaintiff declares that his monthly income is $974.25 and his monthly expenses are approximately $420.00, exclusive of food costs. IFP Application ¶ 1, 8. Plaintiff does not have other liquid assets, nor does he list a spouse to contribute income or share in expenses, ¶¶ 1-8; and

**THE COURT FINDING** that because Plaintiff's income is very modest, the Court grants the IFP application.

The Court is now required to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or otherwise seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's Complaint is dismissed without prejudice.

## I.     Qui Tam Action Pursuant to the False Claims Act

Plaintiff asserts claims pursuant to the False Claims Act ("FCA"), 31 U.S.C.A. § 3729 *et seq.*, alleging that Defendant violated the FCA by charging him rent in excess of the Housing Assistance Payments ("HAP") contract as proscribed by 24 C.F.R. § 983.353.[1] (ECF No. 7 at 5). "The FCA prohibits the submission of false or fraudulent claims for payment to the United States and authorizes qui tam actions, by which private individuals may bring a lawsuit on behalf of the government in exchange for the right to retain a portion of any resulting damages award." *United States v. Riverside Med. Grp., P.C.*, No. CV 22-04165 (SDW) (LDW), 2024 WL 4100372, at *2 (D.N.J. Sept. 6, 2024). "Under the FCA any person who 'knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval' is civilly liable to the United States." *Id.* (citing 31 U.S.C. § 3729(a)(1)(B)).

"Parties may sue under the False Claims Act in two ways. First, the Attorney General may sue anyone who violates the Act. 31 U.S.C. § 3730(a). Second, any person may bring a qui tam suit in the Government's name. *Id.* § 3730(b)(1)." *In re Plavix Mktg., Sales Pracs. & Prods. Liab. Litig. (No. II)*, 974 F.3d 228, 233 (3d Cir. 2020). "When a private person (the relator) brings a qui tam suit, the Government may choose to intervene." *Id.* (citing § 3730(b)(2)). "Whether the Government intervenes or not, it gets the bulk of the recovery." *Id.* (citing § 3730(d)). "If it chooses to intervene, it takes over the lead as plaintiff; if not, the relator keeps prosecuting the suit." *Id.* (citing § 3730(c)(1), (3)). 31 U.S.C.A. § 3730 provides in relevant part:

> **(b) Actions by private persons.--(1)** A person may bring a civil action for a violation of section 3729 for the person and for the United States Government. *The action shall be brought in the name of the Government.* The action may be

---

[1] "The owner may not demand or accept any rent payment from the tenant in excess of the tenant rent as determined by the PHA. The owner must immediately return any excess payment to the tenant." 24 C.F.R. § 983.353.

dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting.

**(2)** A copy of the complaint and written disclosure of substantially all material evidence and information the person possesses *shall be served on the Government pursuant to Rule 4[i] of the Federal Rules of Civil Procedure. The complaint shall be filed in camera, shall remain under seal for at least 60 days*, and shall not be served on the defendant until the court so orders. The Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information.

. . . .

**(3)** If the Government elects not to proceed with the action, the person who initiated the action shall have the right to conduct the action.

. . . .

**(4)** Before the expiration of the 60-day period or any extensions obtained under paragraph (3), the Government shall—

>   **(A)** proceed with the action, in which case the action shall be conducted by the Government; or
>
>   **(B)** notify the court that it declines to take over the action, *in which case the person bringing the action shall have the right to conduct the action.*

31 U.S.C.A. § 3730 (emphasis added).

"In such cases, the Government is the real party in interest." *Rothman v. Cabana Series IV Tr.*, No. 23-2455, 2024 WL 1405393, at *2 (3d Cir. Apr. 2, 2024) (citing *U.S. ex rel. Eisenstein v. City of N.Y.*, 556 U.S. 928, 934-35 (2009)). "Although a private person (the relator) may bring the suit on behalf of the Government, *see* 31 U.S.C. § 3730(b)(1), circuit courts agree that a pro se litigant, like [Plaintiff], may not." *Id.* at *2.

Here, Plaintiff's Complaint is deficient is several respects. Plaintiff has not filed his Complaint "in the name of the Government" as required by 31 U.S.C.A. § 3730(b)(1). Nor has Plaintiff filed the Complaint under seal as required by Subsection (b)(2). Moreover, there is no indication that Plaintiff served the United States with a copy of the Complaint "and written disclosure of substantially all material evidence and information the person possesses" pursuant to Rule 4(i) of the Federal Rules of Civil Procedure. 31 U.S.C.A. § 3730(b)(2). Furthermore, Plaintiff is not permitted to file a claim pursuant to 31 U.S.C.A. § 3729 as a pro se litigant. *See Rothman*, 2024 WL 1405393, at \*2; *In re Plavix Mktg.*, 974 F.3d at 233.

Accordingly, Plaintiff's claim pursuant to 31 U.S.C.A. § 3729 must be dismissed.[2]

## II.     Breach of Housing Assistance Payments Contract

Plaintiff also asserts that Defendant George breached the Housing Assistance Payments (HAP) Contract. (ECF No. 7 at 5). 24 C.F.R. § 982.451, entitled "Housing assistance payments contract," states that "[t]he owner may not demand or accept any rent payment from the tenant in excess of this maximum [set forth in the HAP contract], and must immediately return any excess rent payment to the tenant." 24 C.F.R. § 982.451(b)(4)(ii). A HAP contract, however, is between the landlord and the public housing agency ("PHA")—not the tenant. "The family is not a party to or third-party beneficiary of the HAP contract. . . . [and] the family may not exercise any right or

---

[2] If Plaintiff is unable to retain an attorney to pursue his qui tam action, he is not without recourse for the alleged false claims in violation of the Fair Housing Act. *See Rothman*, 2024 WL 1405393, at \*2. Plaintiff may file a complaint with Housing and Urban Development ("HUD"), allowing it to investigate whether George has violated the FHA by charging excess rent. https://www.hud.gov/sites/dfiles/PIH/documents/PHOGGrievanceProcedures.pdf. HUD, in turn, is authorized to pursue an FCA action against George. *See* 31 U.S.C.A. § 3730(a) ("The Attorney General diligently shall investigate a violation under section 3729. If the Attorney General finds that a person has violated or is violating section 3729, the Attorney General may bring a civil action under this section against the person.").

4

remedy against the owner under the HAP contract."[3] 24 C.F.R. § 982.456(b)(1). "The HAP contract shall not be construed as creating any right of the family or other third party (other than HUD) to enforce any provision of the HAP contract, or to assert any claim against HUD, the PHA or the owner under the HAP contract." *Id.* § 982.456(c); *see Henry v. City of Erie*, 728 F.3d 275, 281 (3d Cir. 2013). Thus, Plaintiff does not have standing to sue as either a party to or third-party beneficiary of the HAP contract.[4]

Accordingly, Plaintiff's cause of action for breach of the HAP contract must be dismissed. Therefore,

IT IS HEREBY on this 13th day of **December**, 2024

**ORDERED** that this case be **DISMISSED WITHOUT PREJUDICE**; and further

**ORDERED** that Plaintiff is granted leave to further amend his Complaint within 30 days of issuance of this order to address the deficiencies noted herein; and further

**ORDERED** that Plaintiff's Motion to Appoint Counsel (ECF No. 2) is **DENIED** as moot; and further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

[3] 24 C.F.R. § 982.4 defines "[f]amily" as "a person or group of persons, as determined by the PHA consistent with 24 CFR 5.403, approved to reside in a unit with assistance under the program."

[4] "The PHA rights and remedies against the owner under the HAP contract include recovery of overpayments, abatement or other reduction of housing assistance payments, termination of housing assistance payments, and termination of the HAP contract." 24 C.F.R. § 982.453.